| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF CHARLESTON | ) | |
| CARLOS LOWE | ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | ) | 2019-CP-10-5400 |
| vs. | ) | |
| TROY PUSATERI | ) | |
| Defendant(s) | ) | |

Submitted By: E. Culver Kidd, IV
Address: 914 Folly Road, Suite B
Charleston, SC 29412

SC Bar #: 76671
Telephone #: (843) 642-8792
Fax #: (843) 642-8793
Other:
E-mail: CULVER@KCSLAWFIRM.COM

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing cases that are NOT E-Filed. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint. **This form is NOT required to be filed in E-Filed Cases.**

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

[X] **JURY TRIAL** demanded in complaint.   [ ] **NON-JURY TRIAL** demanded in complaint.
[ ] This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
[X] This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
[ ] This case is exempt from ADR. (Proof of ADR/Exemption Attached)

### NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| [ ] Constructions (100) | [ ] Dental Malpractice (200) | [ ] Conversion (310) | [ ] Claim & Delivery (400) |
| [ ] Debt Collection (110) | [ ] Legal Malpractice (210) | [ ] Motor Vehicle Accident (320) | [ ] Condemnation (410) |
| [ ] General (130) | [ ] Medical Malpractice (220) | [ ] Premises Liability (330) | [ ] Foreclosure (420) |
| [ ] Breach of Contract (140) | Previous Notice of Intent Case # | [ ] Products Liability (340) | [ ] Mechanic's Lien (430) |
| [ ] Fraud/Bad Faith (150) | 20____-NI-____-_____ | [ ] Personal Injury (350) | [ ] Partition (440) |
| [ ] Failure to Deliver/ | [ ] Notice/ File Med Mal (230) | [ ] Wrongful Death (360) | [ ] Possession (450) |
| Warranty (160) | [ ] Other (299) _____ | [X] Assault/Battery (370) | [ ] Building Code Violation (460) |
| [ ] Employment Discrim (170) | | [ ] Slander/Libel (380) | [ ] Other (499) _____ |
| [ ] Employment (180) | | [ ] Other (399) _____ | |
| [ ] Other (199)_____ | | | |
| **Inmate Petitions** | **Administrative Law/Relief** | **Judgments/Settlements** | **Appeals** |
| [ ] PCR (500) | [ ] Reinstate Drv. License (800) | [ ] Death Settlement (700) | [ ] Arbitration (900) |
| [ ] Mandamus (520) | [ ] Judicial Review (810) | [ ] Foreign Judgment (710) | [ ] Magistrate-Civil (910) |
| [ ] Habeas Corpus (530) | [ ] Relief (820) | [ ] Magistrate's Judgment (720) | [ ] Magistrate-Criminal (920) |
| [ ] Other (599) | [ ] Permanent Injunction (830) | [ ] Minor Settlement (730) | [ ] Municipal (930) |
| _____ | [ ] Forfeiture-Petition (840) | [ ] Transcript Judgment (740) | [ ] Probate Court (940) |
| | [ ] Forfeiture—Consent Order (850) | [ ] Lis Pendens (750) | [ ] SCDOT (950) |
| | [ ] Other (899) _____ | [ ] Transfer of Structured Settlement Payment Rights Application (760) | [ ] Worker's Comp (960) |
| | | | [ ] Zoning Board (970) |
| | | | [ ] Public Service Comm. (990) |
| **Special/Complex /Other** | | [ ] Confession of Judgment (770) | [ ] Employment Security Comm (991) |
| [ ] Environmental (600) | [ ] Pharmaceuticals (630) | [ ] Petition for Workers Compensation Settlement Approval (780) | |
| [ ] Automobile Arb. (610) | [ ] Unfair Trade Practices (640) | | [ ] Other (999) _____ |
| [ ] Medical (620) | [ ] Out-of State Depositions (650) | [ ] Incapacitated Adult Settlement (790) | |
| [ ] Other (699) _____ | [ ] Motion to Quash Subpoena in an Out-of-County Action (660) | [ ] Other (799) _____ | |
| [ ] Sexual Predator (510) | [ ] Pre-Suit Discovery (670) | | |
| [ ] Permanent Restraining Order (680) | | | |
| [ ] Interpleader (690) | | | |

Submitting Party Signature: _[signature]_   Date: 10/21/19

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (02/2018)                                                                                             Page 1 of 2

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**     **You must comply with the Supreme Court Rules regarding ADR.**
         **Failure to do so may affect your case or may result in sanctions.**

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF CHARLESTON ) | NINTH JUDICIAL CIRCUIT |
| ) | |
| ) | CASE NUMBER: 2019-CP-10-5400 |
| ) | |
| CARLOS LOWE, ) | |
| Plaintiff, ) | |
| ) | **SUMMONS** |
| vs. ) | |
| ) | |
| TROY PUSATERI, ) | |
| Defendant. ) | |

**TO THE DEFENDANT ABOVE NAMED:**

**YOU ARE HEREBY SUMMONED AND REQUIRED** to answer the Complaint in this action a copy of which is hereby served upon you, and to serve a copy of your Answer to the said complaint on the subscriber at, 914 Folly Road, Suite B, Charleston, South Carolina, 29412 within thirty (30) day after service thereof, exclusive of the day of such service, and if you fail to appear and defend against the said action then judgment by default will be rendered against you for the relief demanded in the Complaint.

**KIDD CORVEY & SIMPSON, LLC**

E. Culver Kidd, IV, Esq.
SC Bar No. 76671
914 Folly Road, Suite B
Charleston, SC 29412
culver@kcslawfirm.com
(843) 642-8792

ATTORNEY FOR THE PLAINTIFF

October 18, 2019
Charleston, South Carolina

Page 1 of 1

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF CHARLESTON ) | NINTH JUDICIAL CIRCUIT |
| ) | |
| ) | CASE NUMBER: 2019-CP-10-5400 |
| ) | |
| CARLOS LOWE, ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| vs. ) | ASSAULT & BATTERY |
| ) | |
| TROY PUSATERI, ) | |
| Defendant. ) | |

TO THE ABOVE-NAMED DEFENDANT:

The Plaintiff, Carlos Lowe, complaining of the acts and omissions of the above-named Defendant, would show unto this Honorable Court as follows:

1.  Plaintiff, Carlos Lowe, at all times mentioned in this complaint was, a resident of Lexington County, South Carolina.

2.  Defendant, Troy Pusateri, at all times mentioned in this complaint was, a resident of Charleston County, South Carolina.

3.  The facts and circumstances that are the subject matter of this action occurred in Charleston, South Carolina, within the jurisdiction of this Honorable Court.

4.  This Court has jurisdiction over both the parties and subject matter of this lawsuit.

**STATEMENT OF FACTS**

5.  On or about January 6, 2019, Plaintiff and Defendant were amongst several people invited to a residence located at 77 Avondale Avenue in Charleston County, South Carolina.

6.  Prior to and at the time of the Complained act, the Defendant consumed multiple alcoholic beverages and was grossly intoxicated.

Page 1 of 4

7. In addition to being intoxicated, Defendant was agitated from engaging in an argument with his girlfriend.

8. At the time of the Complained act, Plaintiff and Defendant were conversing in the kitchen area of the home. Plaintiff was attempting to calm down the Defendant. After some time, Plaintiff leaned in to give Defendant a friendly hug.

9. At this time, Defendant, who was intoxicated, intentionally and violently punched Plaintiff with a closed fist. Defendant struck Plaintiff without giving Plaintiff any prior warning.

10. Upon information and belief, Defendant had been trained in hand-to-hand combat by the U.S. Military as part of his training to become a Navy Seal.

11. Based upon Defendant's training, he knew or should have known the damage he could inflict by striking someone in the manner that he did.

12. Due to the impact of Defendant's punch, Plaintiff fell into a table, striking it with the back of his head.

13. Following this attack, Defendant continued to taunt, harass, and strike the Plaintiff, who was now severely injured and unconscious on the floor.

14. The Plaintiff was immediately transported to the Medical University of South Carolina's emergency room by other individuals present at the scene.

## FOR A FIRST CAUSE OF ACTION
### (Assault)

15. Plaintiff incorporates the allegations of Paragraphs 1 through 14 as if set forth verbatim herein.

16. Defendant's conduct placed Plaintiff in reasonable fear of bodily harm.

17. Following the punch, Defendant continued to harass and threaten Plaintiff, continuously placing Plaintiff in reasonable fear of continued and additional bodily harm.

18.     The Plaintiff's injuries were proximately caused by the Defendant's deliberate and unprovoked attack on the Plaintiff.

19.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered bodily injury and emotional distress, incurred expenses for medical treatment, and lost income. Plaintiff has endured pain and suffering resulting in the loss of enjoyment of life and the pain and suffering continues to impair Plaintiff.

20.     Defendant's behavior was willful, wanton and reckless.

### FOR A SECOND CAUSE OF ACTION
### (Battery)

21.     Plaintiff incorporates the allegations of Paragraphs 1 through 14 as if set forth verbatim herein.

22.     Defendant inflicted forcible contact on Plaintiff by punching him.

23.     The Plaintiff's injuries were proximately caused by the Defendant's deliberate and unprovoked attack on the Plaintiff.

24.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered bodily injury and emotional distress, incurred expenses for medical treatment, and lost income. Plaintiff has endured pain and suffering resulting in the loss of enjoyment of life and the pain and suffering continues to impair Plaintiff.

25.     Defendant's behavior was willful, wanton and reckless.

WHEREFORE, Plaintiff is entitled to judgment against the Defendant as follows:

        A.     Actual damages to be determined by the jury;

        B.     Punitive damages to be determined by the jury;

        C.     An award of costs and fees as permitted by law;

        D.     Such other and further relief as the Court deems proper.

**KIDD CORVEY & SIMPSON, LLC**

_____
E. Culver Kidd, IV, Esq.
914 Folly Road, Suite B
Charleston, SC 29412
SC Bar No.: 76671
culver@kcslawfirm.com
(843) 642-8792

ATTORNEY FOR THE PLAINTIFF

Charleston, South Carolina
October _18_, 2019