IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Carlos Lowe,<br><br>    Plaintiff,<br> v.<br><br>Troy Pusateri,<br>    Defendant. | Civil Action No.: 2:20-cv-00153-RMG<br><br>DEFENDANT TROY PUSATERI'S LOCAL CIVIL RULE 26.03 INTERROGATORY RESPONSES |

Pursuant to Federal Rule of Civil Procedure 26(f), and Local Civil Rule 26.03, Defendant Troy Pusateri, by and through his undersigned counsel, responds as follows:

**1) A short statement of the facts of the case.**

Plaintiff alleges that on January 6, 2019, he and the Defendant were both invited guests to an after-hours party at a residence located at 77 Avondale Avenue in Charleston County, South Carolina. Plaintiff alleges that he and the Defendant became engaged in a physical altercation resulting in unspecified actual and punitive damages. The Defendant denies any liability and to the extent that Plaintiff suffered injuries as a result of the encounter, if any, such injuries or damages are the result of or arise from Plaintiff's own actions or inactions. Defendant incorporates and preserves all defenses pleaded in his Answer herein by this reference.

**2) The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

A. Carlos Lowe – Mr. Lowe is the Plaintiff in this action and he is expected to testify regarding the events in questions and damages, if any.

B. <u>Troy Pusateri</u> – Mr. Pusateri is the Defendant in this action and he expected to testify to his interactions with Plaintiff, knowledge of the events in question and Plaintiff's damages, if any.

C. <u>Cara Craven</u> – This witness is expected to have information regarding the night in question, interactions between the parties and background information.

D. <u>Michael Vanderhoff</u> - This witness is expected to have information regarding the night in question, interactions between the parties and background information.

E. <u>Joe Boros</u> - This witness is expected to have information regarding the night in question, interactions between the parties and background information.

F. <u>Jack Boros</u> - This witness is expected to have information regarding the night in question, interactions between the parties and background information.

G. <u>Steven Sharpe</u> - This witness is expected to have information regarding the night in question, interactions between the parties and background information.

H. <u>Heidi Jenkins</u> - This witness is expected to have information regarding the night in question, interactions between the parties and background information.

I. <u>Ivan Sneider</u> - This witness is expected to have information regarding the night in question, interactions between the parties and background information.

J. <u>Tim Brunet</u> - This witness is expected to have information regarding the night in question, interactions between the parties and background information.

The Defendant reserves the right to supplement his list of witnesses as discovery progresses and incorporates by this reference the identities of any individuals or entities referenced by any party or in any document in discovery.

**3)   The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

Based on the information available to the Defendant at this time, the Defendant has not yet identified expert witnesses it intends to call at trial, but may call law enforcement experts, medical experts and/or experts in other subject matters identified by Plaintiff or in areas subsequently identified by all parties, witnesses, or deponents as discovery progresses.

**4)   A summary of the claims or defenses with statutory and/or case citations supporting the same.**

The Defendant denies the Plaintiff's factual allegations and, upon information and belief, challenges the veracity of the damages claimed as proximately caused by any action or inaction by the Defendant, if any. Notwithstanding and without waiving Defendant's categorical denial and the lack of evidence to support Plaintiff's claims, the citations presented by the Defendant are meant to be illustrative only and Defendant expressly reserves the right to rely on additional statutory and/or case citations.  Defendant has delineated fourteen affirmative defenses in his Answer, which are supported by the following citations, including, without limitation:

Defendant reserves the right to identify additional defenses or applicable law to support his position as the case develops.

<u>Affirmative Defenses</u>:

1.   <u>First Defense – General Denial and Responses to Plaintiff's Allegations</u>:

For his First Defense, Defendant refers the Court to his responses to the individual allegations of the Complaint, as outlined in his Answer and generally denies Plaintiff's allegations.

3

2. <u>Second Defense - Failure to state a claim upon which relief may be granted under FRCP Rule 12(b)(6) on the grounds that Plaintiff cannot establish the requisite elements for an assault and battery claim</u>:

For his defense of failure to state a claim upon which relief can be granted, Defendant refers the Court to the following as illustrating the principles involved: Fed. R. Civ. P. 12(b)(6).

Defendant further refers the Court to South Carolina case law governing assault and battery. Specifically, to establish an assault and battery claim, the Plaintiff must show 1) conduct of the defendant, 2) which places the plaintiff in a reasonable fear of harm and/or 3) an unlawful touching occurred. Intent, while pertinent and relevant, is not an essential element. *See In re McGee*, 278 S.C. 506, 299 S.E.2d 334 (1983); *Jones by Robinson v. Winn-Dixie Greenville, Inc.*, 318 S.C. 171, 456 S.E.2d 429 (Ct. App. 1995); *Gathers v. Harris Teeter Supermarket, Inc.*, 282 S.C. 220, 317 S.E.2d 748 (Ct. App. 1984); *Herring v. Lawrence Warehouse Co.*, 222 S.C. 226, 72 S.E.2d 453 (1952). Here, Defendant asserts that Plaintiff cannot carry his burden of proof.

3. <u>Third Defense - Failure to state a claim upon which relief may be granted under FRCP Rule 12(b)(6) on the grounds that Plaintiff cannot establish the requisite elements for a negligence claim</u>:

4. <u>Fourth, Fifth and Sixth Affirmative Defenses – Comparative Negligence</u>:

South Carolina employs a modified comparative negligence standard under which a plaintiff in a negligence action may recover damages if his or her negligence is not greater than that of the defendant. *See Nelson v. Concrete Supply Co.,* 303 S.C. 243, 399 S.E.2d 783 (S.C. 1991). At this time, Defendant asserts that the Plaintiff's alleged injuries were caused by the greater negligence and/or willfulness of the Plaintiff, which exceeds the negligence and/or willfulness (which Defendant denies) on the part of the Defendant and, thus, any recovery is

barred. Alternatively, Defendant asserts that any recovery must be reduced in proportion to the amount of the plaintiff's own negligence.

5. <u>Seventh and Eighth Affirmative Defenses – Intervening or Superseding Act of Negligence</u>:

At this time, Defendant contends that Plaintiff's injuries were proximately caused by an unforeseeable intervening act of negligence by a third party and, thus, Defendant is not liable to the Plaintiff for his alleged damages. *Matthews v. Porter*, 124 S.E.2d 321, 325 (S.C. 1962).

6. <u>Ninth Affirmative Defense – Discovery having Not Been Complete, All Affirmative Defenses or Avoidances are Pleaded under FRCP Rule 8</u>. Defendant reserves the right to supplement should additional information provide direction on citations for the Court.

7. <u>Tenth Affirmative Defense – Self Defense</u>:

Defendant pleads that he believed he was in imminent danger of serious injury and had no choice but to act to preserve his own safety due to the actions and/or inactions of the Plaintiff. *Hughey v. Kellar*, 34 S.C. 268, (1891) (where Defendant was first Assaulted by Plaintiff, there is no violation of the law by the Defendant).

8. <u>Eleventh Affirmative Defense – Sudden Emergency</u>:

Defendant submits that, due to the negligence of another, he was faced with a sudden emergency and compelled instantly to act to avoid an injury. *Wiggins v. Thomas*, 264 S.C. 360, 215 S.E.2d 426 (1975).

9. <u>Twelfth Affirmative Defense – Intoxication by Plaintiff:</u>

Plaintiff's intoxication is plead as an affirmative defense and/or as part of his sole or contributory negligence. *Milhouse v. Stroud*, 134 S.C. 17, 131 S.E. 619 (S.C. 1926) *quoting Sharpton v. Railway*, 51 S.E. 556, 72 S.C. p. 172.

    10. <u>Thirteenth Affirmative Defense – Frivolous Proceedings §15-36-10 *et seq.*</u>

    11. <u>Fourteenth Affirmative Defense - Punitive Damages Cannot be Established</u>:

For his defense that his conduct was in good faith and in the exercise of his legal rights, and that he at no time acted with any malice or ill will toward the plaintiff, or recklessly or wantonly, or with conscious disregard for the plaintiff's rights, Defendant refers the Court to the following as illustrative of the principles involved: *Defender Indus., Inc. v. Northwestern Mut. Life Ins. Co.*, 809 F. Supp. 400 (D.S.C. 1992); *Gamble v. Stevenson*, 305 S.C. 104, 406 S.E.2d 350 (1991); and *Kolstad v. American Dental Ass'n*, 527 U.S. 526 (1999). Defendant affirmatively pleads and incorporates herein by reference the limitations of S.C. Code Ann.§ 15-32-530. Defendant also pleads legal provocation and malic on the part of Plaintiff as mitigation for punitive damages. *Moody v. Ferguson*, 732 F.Supp. 627 (D.S.C. 1989); *McGee v. Bruce Hosp. Sys.*, 344 S.C. 466, 545 S.E.2d 286 (2001); *Clark v. Cantrell,* 339 S.C. 369, 529 S.E.2d 528 (2000); *Crim v. Shirer*, 278 S.C. 639, 300 S.E.2d 731 (1983); and *Laird v. Nationwide Ins. Co.*, 243 S.C. 388, 134 S.E.2d 206 (1964).

Defendant reserves the right to supplement this response and any affirmative defense, citations and references as discovery develops.

**5)    Absent special instructions from the assigned judge, proposed dates for the following deadlines listed in Local Civ. Rule 16.02 (D.S.C.): (a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures. (b) Completion of discovery.**

The parties submitted a consent motion for amended scheduling order on February 21, 2020, to include proposed dates for these deadlines.

**6)    Any special circumstances that would affect the time frames applied in preparing the scheduling order. See generally Local Civ. Rule 16.02(C) (D.S.C.) (Content of Scheduling Order).**

The parties submitted a consent motion for amended scheduling order on February 21,

2020, to include proposed dates for these deadlines.

**7)     Any additional information requested in the Pre-Scheduling Order (Local Civ. Rule 16.01 (D.S.C.)) or otherwise requested by the assigned judge.**

Not applicable.

Respectfully submitted,

*s/Mary D. LaFave*
Mary D. LaFave, USDC ID No. 10316
**CROWE LAFAVE, LLC**
P.O. Box 1149
Columbia, South Carolina 29202
Phone: 803.726.6756
Fax: 803.726.3621
mary@crowelafave.com

*Attorney for Defendant*

February 21, 2020