# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Carlos Lowe,<br><br>            Plaintiff,<br>    v.<br><br>Troy Pusateri,<br>            Defendant. | **Civil Action No.:** 2:20-cv-00153-RMG<br><br>**PLAINTIFF CARLOS LOWE'S LOCAL CIVIL RULE 26.03 INTERROGATORY RESPONSES** |

Pursuant to Federal Rule of Civil Procedure 26(f), and Local Civil Rule 26.03, Plaintiff Carlos Lowe, by and through his undersigned counsel, responds as follows:

**1) A short statement of the facts of the case.**

Plaintiff alleges that on January 6, 2019, he and the Defendant were both invited guests to an after-hours party at a residence located at 77 Avondale Avenue in Charleston County, South Carolina. Plaintiff alleges that he was physically attacked by the Defendant, who was grossly intoxicated, without provocation resulting in actual and punitive damages.

**2) The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

A.    <u>Carlos Lowe</u> – Mr. Lowe is the Plaintiff in this action and he is expected to testify regarding the events in questions and damages, if any.

B.    <u>Troy Pusateri</u> – Mr. Pusateri is the Defendant in this action and he expected to testify to his interactions with Plaintiff, knowledge of the events in question and Plaintiff's damages, if any.

  C. <u>Heidi Jenkins</u> - This witness is expected to have information regarding the night in question as observing the assault, interactions between the parties and background information.

  D. <u>Ivan Sneider</u> - This witness is expected to have information regarding the night in question as observing the assault, interactions between the parties and background information.

  E. <u>Tim Brunet</u> - This witness is expected to have information regarding the night in question, interactions between the parties and background information.

The Plaintiff reserves the right to supplement his list of witnesses as discovery progresses and incorporates by this reference the identities of any individuals or entities referenced by any party or in any document in discovery.

**3)**  **The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

  A. Dr. Marshall White – This witness is a neurologist that has evaluated the Plaintiff for the presence of a Traumatic Brain Injury and is expected to testify regarding the short and long term implications of suffering from head injuries of this type.

  B. Dr. Peter De Vito – This witness is a plastic surgeon and is expected to testify regarding necessary future procedures to address Plaintiff's injuries.

**4)**  **A summary of the claims or defenses with statutory and/or case citations supporting the same.**

<u>Claims:</u>

1. <u>First Cause of Action – Assault</u>

Plaintiff will show 1) conduct of the defendant, 2) which places the plaintiff in a reasonable fear of harm.  *Gathers v. Harris Teeter Supermarket, Inc.*, 282 S.C. 220, 317 S.E.2d 748 (Ct. App. 1984).

    2.  <u>Second Cause of Action – Battery</u>

Plaintiff will show actual infliction of unlawful, unauthorized violence upon his person. *Jones by Robinson v. Winn-Dixie Greenville, Inc.*, 318 S.C. 171, 456 S.E.2d 429 (Ct. App. 1995).

    3.  <u>Third Cause of Action – Negligence</u>

Plaintiff will show a breach of the duty of care owed to the Plaintiff by the Defendant and damages proximately resulting therefrom. *Carson v. Adgar,* 326 S.C. 212, 486 S.E.2d 3 (1997); *Miller v. City of Camden*, 317 S.C. 28, 451 S.E.2d 401 (Ct.App. 1994), *aff'd as modified,* 329 S.C. 310, 494 S.E.2d 813 (1997) (actor assumes duty of due care if act is voluntarily undertaken; question of whether duty arises in given case may depend on existence of particular facts).

**5)    Absent special instructions from the assigned judge, proposed dates for the following deadlines listed in Local Civ. Rule 16.02 (D.S.C.): (a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures. (b) Completion of discovery.**

The parties submitted a consent motion for amended scheduling order on February 21, 2020, to include proposed dates for these deadlines.

**6)    Any special circumstances that would affect the time frames applied in preparing the scheduling order. See generally Local Civ. Rule 16.02(C) (D.S.C.) (Content of Scheduling Order).**

The parties submitted a consent motion for amended scheduling order on February 21, 2020, to include proposed dates for these deadlines.

**7)    Any additional information requested in the Pre-Scheduling Order (Local Civ. Rule 16.01 (D.S.C.)) or otherwise requested by the assigned judge.**

Not applicable.

Respectfully submitted,

*s/ E. Culver Kidd IV*

E. Culver Kidd, IV, Esq. USDC ID No. 13048
**KIDD CORVEY & SIMPSON, LLC**
914 Folly Rd., Suite B
Charleston, SC 29412
Phone: 843.642.8792
Fax: 843.642.8793
culver@kcslawfirm.com

*Attorney for Plaintiff*

February 21, 2020

4