IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Carlos Lowe,<br><br>   Plaintiff,<br><br>v.<br><br>Troy Pusateri,<br><br>   Defendant. | Civil Action No.: 2:20-cv-00153-RMG<br><br><br>**DEFENDANT'S AMENDED ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**<br>**(Jury Trial Requested)** |

TO: **PLAINTIFF AND E. CULVER KIDD, IV, ESQUIRE, PLAINTIFF'S COUNSEL:**

Defendant Troy Pusateri by and through his undersigned counsel, hereby amends his Answer to Plaintiff's Summons and Amended Complaint in the above-captioned case as follows:

**FOR A FIRST DEFENSE**

1. Each and every allegation contained in the Plaintiff's Amended Complaint is denied unless specifically admitted herein; further, the Defendant hereby requests a jury trial.

2. The allegations of Paragraph 1 are admitted upon information and belief.

3. The allegations of Paragraph 2 are admitted insofar as Defendant was a resident of South Carolina at the time of the incident but Defendant is presently a citizen and resident of the State of Georgia.

4. The allegations of Paragraph 3 are predicated on legal conclusions for which no response from the Defendant is required. However, to the extent a response is required, the allegations of Paragraph 3 are admitted that venue is proper given that the allegations occurred in South Carolina but all remaining allegations are denied.

1

5. The allegations of Paragraph 4 are predicated on legal conclusions regarding jurisdiction and do not require a response. To the extent that a response is required, the allegations of Paragraph 4 are admitted but also admits that diversity jurisdiction exists.

6. The allegations of Paragraph 5 are admitted.

7. The allegations of Paragraph 6 are denied.

8. The allegations of Paragraph 7 are denied.

9. The allegations of Paragraph 8 are denied.

10. The allegations of Paragraph 9 are denied.

11. The allegations of Paragraph 10 are denied.

12. The allegations of Paragraph 11 are denied.

13. The allegations of Paragraph 12 are denied.

14. The allegations of Paragraph 13 are denied.

15. The allegations of Paragraph 14 do not pertain to the Defendant; therefore, no response from the Defendant is required. To the extent that a response is required, Defendant is without sufficient information to form a belief and the allegations of Paragraph 14 are denied.

16. The allegations of Paragraph 15 are summary in nature and no response by the Defendant is required. However, to the extent a response is required, Defendant incorporates all previously enumerated responses herein.

17. The allegations of Paragraph 16 are denied.

18. The allegations of Paragraph 17 are denied.

19. The allegations of Paragraph 18 are denied.

20. The allegations of Paragraph 19 are denied.

21. The allegations of Paragraph 20 are denied.

22. The allegations of Paragraph 21 are summary in nature and no response by the Defendant is required. However, to the extent a response is required, Defendant incorporates all previously enumerated responses herein.

23. The allegations of Paragraph 22 are denied.

24. The allegations of Paragraph 23 are denied.

25. The allegations of Paragraph 24 are denied.

26. The allegations of Paragraph 25 are denied.

27. The allegations of Paragraph 26 are summary in nature and no response by the Defendant is required. However, to the extent a response is required, Defendant incorporates all previously enumerated responses herein.

28. The allegations of Paragraph 27 are denied.

29. The allegations of Paragraph 28 are denied.

30. The allegations of Paragraph 29, including but not limited to subparts (a) through (c) are denied.

31. The allegations of Paragraph 30 are denied.

32. To the extent that Plaintiff's unnumbered prayer for relief, including but not limited to subparts (A.) through (D.), contains allegations against the Defendant, such allegations are denied.

## **FOR A SECOND DEFENSE**

33. The Defendant adopts and re-alleges each and every allegation set forth above as if fully repeated herein.

34. Plaintiff fails to state a claim for which relief may be granted on his causes of action for assault and battery as Plaintiff cannot prove that the Defendant placed the Plaintiff in fear of bodily harm, inflicted forcible contact on the Plaintiff or that Plaintiff's damages/injuries were proximately caused by the Defendant. As such, the Complaint, as amended, should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FOR A THIRD DEFENSE

35. The Defendant adopts and re-alleges each and every allegation set forth above as if fully repeated herein.

36. Plaintiff fails to state a claim for which relief may be granted on his cause of action for negligence as Plaintiff cannot prove that the Defendant owed any duty to Plaintiff; breached any duty owed, if any; or that Plaintiff's damages/injuries were proximately caused by the Defendant. As such, the Complaint, as amended, should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FOR A FOURTH DEFENSE

37. The Defendant adopts and re-alleges each and every allegation set forth above as if fully repeated herein.

38. The Defendant alleges that if any injuries and damages were sustained by the Plaintiff, and the existence of such alleged injuries and damages is denied, said injuries and damages were caused by the actions or negligence by the Plaintiff, without which, said alleged injury or damage would not have occurred or been sustained and, for this reason, Plaintiff is wholly barred from recovery.

## FOR A FIFTH DEFENSE

39. The Defendant adopts and re-alleges each and every allegation set forth above as if fully repeated herein.

40. The Defendant alleges that if any injuries and damages were sustained by the Plaintiff, and the existence of such alleged injuries and damages is denied, said injuries and damages were caused by the actions, negligence and willfulness of the Plaintiff, which exceeds the negligence or willfulness, if any, on the part of the Defendant, without which greater negligence or willfulness on the part of the Plaintiff, said alleged injury or damage would not have occurred or been sustained and, for this reason, Plaintiff is wholly barred from recovery.

## FOR A SIXTH DEFENSE

41. The Defendant adopts and re-alleges each and every allegation set forth above as if fully repeated herein.

42. Alternatively, the Defendant alleges that if any injuries and damages were sustained by the Plaintiff, and the existence of such alleged injuries and damages is denied, said injuries and damages were caused by the actions, negligence and willfulness of the Plaintiff, combining, concurring, and contributing with any actions, negligence and/or willfulness, if any, on the part of the Defendant and, for that reason, the Plaintiff's recovery, if any, must be reduced in proportion to the amount of Plaintiff's own negligence.

## FOR A SEVENTH DEFENSE

43. The Defendant adopts and re-alleges each and every allegation set forth above as if fully repeated herein.

44. The Defendant alleges that if any injuries and damages were sustained by the Plaintiff, and the existence of such alleged injuries and damages is denied, said injuries and damages were caused by an intervening, superseding act by third parties named or unnamed in this action for which the Defendant is not liable; thus, Plaintiff's claims are barred.

### FOR AN EIGHTH DEFENSE

45. The Defendant adopts and re-alleges each and every allegation set forth above as if fully repeated herein.

46. The damages suffered by Plaintiff, if any, were the result of the acts or omissions of other parties, named or unnamed in this action, for which the Defendant bears no responsibility.

### FOR A NINTH DEFENSE

47. The Defendant adopts and re-alleges each and every allegation set forth above as if fully repeated herein.

48. The facts not having been fully developed, the Defendant affirmatively pleads any of the following defenses that may become applicable to this action: accord and satisfaction, arbitration and award, assumption of the risk, coercion, contract, duress, election of remedies, estoppel, failure of consideration, illegality, laches, license, mistake, payment, recrimination, release, res judicata, satisfaction, statute of frauds, waiver, failure of Plaintiff to mitigate damages or take reasonable steps to avoid damages, and any other matter constituting affirmative defense or an avoidance.

## FOR A TENTH DEFENSE

49. The Defendant adopts and re-alleges each and every allegation set forth above as if fully repeated herein.

50. The Defendant alleges, upon information and belief, that any actions complained of in the Amended Complaint were done in an effort to protect Plaintiff, himself, or others from physical harm, and therefore, the Defendant pleads self-defense and defense of others and/or third parties as a complete bar to these claims.

## FOR AN ELEVENTH DEFENSE

51. The Defendant adopts and re-alleges each and every allegation set forth above as if fully repeated herein.

52. The Defendant alleges that on the occasion referred to in the Amended Complaint, and through no fault on the part of the Defendant, he was unexpectedly faced with a situation of sudden peril and sudden emergency and it was necessary that he act in the light of such sudden peril and sudden emergency. The Defendant further alleges that his acts and conduct should be considered in light of such sudden peril and sudden emergency, and that when they are so considered, the Defendant is not liable. The Defendant, therefore, pleads the defense of sudden peril and sudden emergency as a complete defense and bar to the claim of the Plaintiff.

## FOR A TWELFTH DEFENSE

53. The Defendant adopts and re-alleges each and every allegation set forth above as if fully repeated herein.

54. The Defendant affirmatively pleads intoxication by Plaintiff as an absolute defense barring Plaintiff's claims.

## FOR A THIRTEENTH DEFENSE

55. The Defendant adopts and re-alleges each and every allegation set forth above as if fully repeated herein.

56. The Defendant reserves all rights and remedies under S.C. Code Ann. §15-36-10 *et seq*.

## FOR A FOURTEENTH DEFENSE

57. The Defendant adopts and re-alleges each and every allegation set forth above as if fully repeated herein.

58. The Defendant at all times acted reasonably and in good faith in the exercise of its legal rights and at no time breached any duty, acted with any malice or ill-will toward the Plaintiff, or recklessly or wantonly, or with a conscious disregard for the Plaintiff's rights, and, thus, the Plaintiff cannot sustain a claim for punitive damages. Further, punitive damages as sought by the Plaintiff are not permitted under the law of this State under the circumstances, excessive, unconstitutional and violate the Due Process Clause of the United States and South Carolina Constitutions.

59. The Defendant pleads that some or all of Plaintiff's claims may be barred, limited and/or bifurcated pursuant to S.C. Code Ann. §15-32-510 *et seq.*, including but not limited to §15-32-520 and §15-32-530, the limitations of which are incorporated in their entirety by this reference and plead as affirmative defenses as to all of Plaintiff's claims.

WHEREFORE, having fully answered the Complaint and Amended Complaint of the Plaintiff, the Defendant prays that the Court dismiss the Complaint and Amended Complaint and, further, prays for such other and further relief as the nature of the Defendant's cause may require.

*s/Mary D. LaFave*
Mary D. LaFave, USDC ID #10316
**CROWE LAFAVE, LLC**
P.O. Box 1149
Columbia, SC 29202
803.726.6756 (office)
803.726.3621 (fax)
mary@crowelafave.com

Attorney for Defendant Troy Pusateri

This 25th Day of February 2020.
Columbia, South Carolina.